09-3188-ag
Kanacevic v. Holder

BIA
Hom, IJ
A095 872 577
A095 872 578

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16ᵗʰ day of March, two thousand ten.

PRESENT:
        JOSEPH M. McLAUGHLIN,
        ROBERT A. KATZMANN,
        RICHARD C. WESLEY,
                *Circuit Judges.*

_____

SULEJMAN KANACEVIC, HATIDZE KANACEVIC,
                *Petitioners,*

        v.                                    09-3188-ag
                                              NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
                *Respondent.*

_____

FOR PETITIONERS:        Gregory Marotta, Vernon, New Jersey.

FOR RESPONDENT:         Tony West, Assistant Attorney
                        General; Melissa Neiman-Kelting,
                        Senior Litigation Counsel; Kristin
                        K. Edison, Attorney, Office of

**Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Sulejman Kanacevic, a native of Montenegro, seeks review of a June 30, 2009, order of the BIA affirming the October 22, 2007, decision of Immigration Judge ("IJ") Sandy K. Hom, which denied his application for asylum and withholding of removal.[1]  *In re Sulejman Kanacevic, Hatidze Kanacevic*, Nos. A095 872 577/578 (B.I.A. June 30, 2009), *aff'g* Nos. A095 872 577/578 (Immig. Ct. N.Y. City Oct. 22, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

"Where the BIA adopts . . . and merely supplements the IJ's decision, . . . we review the decision of the IJ as supplemented by the BIA." *Yan Chen v. Gonzales,* 417 F.3d

---

[1]Sulejman Kanacevic's wife, Hatidze Kanacevic, was included as a derivative applicant on his asylum application.  Accordingly, we refer exclusively to Sulejman Kanacevic throughout this Order, as his wife's eligibility for relief is based entirely on the facts of his claim.

268, 271 (2d Cir. 2005). However, when the BIA affirms the IJ's decision in some respects but not others, we review the IJ's decision as modified by the BIA's decision, *i.e.,* minus the arguments for denying relief that the BIA rejected. *See Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir. 2005). Here, the BIA's decision focused on the IJ's holding that Kanacevic failed to meet his burden of proof, making it unclear whether the BIA agreed with the IJ's alternative adverse credibility determination. Under these circumstances, we dispose of Kanacevic's case on burden of proof grounds and "assume, but do not determine" his credibility for purposes of our analysis. *Yan Chen,* 417 F.3d at 271. The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir. 2007).

We find no error in the agency's conclusion that Kanacevic failed to establish a well-founded fear of persecution. In a prior order issued upon the parties' joint stipulation, we instructed the agency to analyze Kanacevic's claim in light of our decision in *Islami v. Gonzales*, 412 F.3d 391, 398 (2d Cir. 2005) (finding that an

3

ethnic Albanian's refusal to serve in the Serbian military's campaign because of its commission of crimes against humanity can constitute persecution).  On remand, the IJ determined that our holding in *Islami* did not support a finding that Kanacevic had a well-founded fear of persecution because Kanacevic was released from his mandatory military duty.  The IJ further found that "material and substantial changes" had occurred in Montenegro; specifically, that the war in Serbia and Montenegro had ended, and that Montenegro had abolished military conscription in August 2006. Kanacevic did not challenge those findings on appeal to the BIA, a fact the BIA noted in its decision.

Kanacevic now argues before this Court that the agency's changed country conditions finding is erroneous because it failed to consider explicitly his expert's report.  However, as we have held, petitioners must raise to the BIA the specific issues they later raise in this Court. *See Foster v. INS*, 376 F.3d 75, 78 (2d Cir. 2004); *see also Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119-20 (2d Cir. 2007) (explaining that, while not jurisdictional, this judicially imposed exhaustion requirement is mandatory).

Accordingly, because Kanacevic failed to meaningfully address the IJ's changed country conditions finding on appeal to the BIA, and because the Government has raised this failure to exhaust in its brief to this Court, we decline to consider this issue. *See Lin Zhong*, 480 F.3d at 124 (describing the issue exhaustion requirement as an "affirmative defense subject to waiver.").

Even absent a well-founded fear of future persecution, the agency may grant asylum based on the severity of past persecution. 8 C.F.R. § 1208.13(b)(1)(iii)(A) (providing that a petitioner must demonstrate "compelling reasons for being unwilling or unable to return . . . [that] aris[e] out of the severity of the past persecution"). Here, however, we find no abuse of discretion in the BIA's conclusion that Kanacevic did not endure the type of atrocious persecution for which humanitarian asylum is reserved.[2] *See Mirzoyan v. Gonzales*, 457 F.3d 217, 220 (2d Cir. 2006) (stating that humanitarian asylum is reserved for "certain rare cases");

---

[2] Despite Kanacevic's argument to the contrary, we also do not find that the BIA acted *ultra vires* in finding him ineligible for humanitarian asylum. *See* 8 C.F.R. § 1003.1(d)(3)(ii) (providing that the BIA may review *de novo* "questions of law, discretion, and judgment and all other issues in appeals from decisions of immigration judges").

5

*Jalloh v. Gonzales*, 498 F.3d 148, 151 (2d Cir. 2007); *Matter of Chen*, 20 I. & N. Dec. 16, 18-19 (B.I.A. 1989).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk